Filed 8/13/21  P. v. Harris CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CLAY ARTHUR HARRIS,<br><br>Defendant and Appellant. | F081006<br><br>(Super. Ct. No. CR-19-002668)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Joseph R. Distaso, Judge.

Charles M. Bonneau, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christine Hitomi Simpson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Detjen, Acting P.J., Peña, J. and Smith, J.

## INTRODUCTION

In 1992, a jury convicted defendant Clay Arthur Harris of first degree murder (§ 187; count I), attempted second degree robbery (§§ 211, 664; count II), two counts of second degree robbery occurring on different days (§ 211; counts III and VI), assault with a deadly weapon (§ 245, subd. (a); count IV), and kidnapping (§ 207; count V). After the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), defendant filed a Penal Code section 1170.95 petition for resentencing. (Undesignated statutory references are to the Penal Code.) The court denied the petition without issuing an order to show cause, concluding defendant was a major participant in the underlying felony who was ineligible for resentencing. Defendant now challenges the denial of his petition, and the People concede remand is necessary for the court to issue a show cause order and to hold an evidentiary hearing because the record of conviction did not establish defendant was categorically ineligible for relief as a matter of law.

We agree with the parties, reverse the court's order denying the petition, and remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1992, a jury convicted defendant Clay Arthur Harris of first degree murder during the commission and attempted commission of robbery (§ 187; count I), attempted second degree robbery (§§ 211, 664; count II), two counts of second degree robbery (§ 211; counts III and VI), assault with a deadly weapon (§ 245, subd. (a); count IV), and kidnapping (§ 207, count V). The court sentenced defendant to 25 years to life on the murder count plus an additional five years for a prior serious felony conviction enhancement (§ 667) and additional determinate terms for the remaining counts.

In 2019, defendant submitted a petition for resentencing pursuant to section 1170.95 using a preprinted form. He checked boxes stating a charging document had been filed against him allowing the prosecution to proceed under a felony-murder theory or the natural and probable consequences doctrine; at trial, he was convicted of first or

second degree murder under a felony-murder theory or the natural and probable consequences doctrine; and he could not now be convicted of murder in light of changes made to sections 188 and 189, effective January 1, 2019 (pursuant to Senate Bill 1437). He also checked a box indicating he was convicted of first degree murder but could not now be convicted because he was not the actual killer, he did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree, and he was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime or felony. He checked another box stating, "There has been a prior determination by a court or jury that I was not a major participant and/or did not act with reckless indifference to human life under … § 190.2(d). Therefore, I am entitled to be re-sentenced pursuant to § 1170.95(d)(2)." He also checked a box stating, "I request that this court appoint counsel for me during this re-sentencing process." The court appointed the public defender to represent defendant.

The People responded to the petition, arguing defendant was not entitled to relief because the facts of the case established he was a major participant in the underlying felony who acted with reckless indifference to human life. The People attached to their response the probation report, a transcript from the probation and judgment hearing held on December 28, 1992, and a "Comprehensive Risk Assessment" done by the Board of Parole Hearings and argued these documents reflected facts supporting a finding defendant acted as a major participant who acted with implied malice. They further sought dismissal of defendant's petition on the grounds that Senate Bill 1437 is unconstitutional.

The court held a hearing at which it denied defendant's petition. At the hearing, defendant was represented by counsel, but defendant was not present. The court noted "I believe the parties are in agreement that [defendant] was a major participant and not eligible for resentencing—major participant in the crime; therefore, not eligible for

resentencing, pursuant to 1170.95. [¶] Is that true?" Both defense counsel and the prosecutor stated, "Yes, Your Honor." The court then held, "That will be the Court's finding. Okay. [¶] So the Court finds that the defendant was a major participant in the murder; and therefore, is not eligible to be resentenced pursuant to … Section 1170.95."

## DISCUSSION

Defendant challenges the denial of his petition for resentencing, and the parties agree the matter must be remanded for the court to issue an order to show cause and to hold an evidentiary hearing.

**1.     Senate Bill 1437 and Section 1170.95**

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019. Senate Bill 1437 "amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It amends section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability, and it adds section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, §§ 2–4.)

Accordingly, section 188 now provides that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. *Malice shall not be imputed to a person based solely on his or her participation in a crime*." (§ 188, subd. (a)(3), italics added.) The change reflects the Legislature's intent that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

4.

Additionally, section 189 previously stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree."  Senate Bill 1437 amended section 189, in part, by adding subdivision (e), which provides:

> "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:  [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Newly enacted section 1170.95 permits those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts …."  (*Id.*, subd. (a).)  An offender may file a petition under section 1170.95 where all three of the following conditions are met:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)–(3).)

A trial court receiving a petition under section 1170.95 "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within

5.

the provisions of this section." (§ 1170.95, subd. (c).) If the petitioner has made such a showing, the trial court "shall issue an order to show cause." (*Ibid*.) The trial court must then hold a hearing "to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not been previously been [*sic*] sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).)

If a hearing is held, "[t]he prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (§ 1170.95, subd. (d)(3).) "[T]he burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid*.) "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid*.)

## 2.    Analysis

Defendant argues he should have been transported to court for personal appearances after establishing a prima facie showing of entitlement to relief. He argues the issues before the trial court were not purely legal; rather, the issues were to be determined based upon the record of the prior trial, which was factual in nature. He further contends his counsel's stipulation that he was a major participant in the underlying robbery was insufficient to render him categorically ineligible for relief because the record had to also establish he acted with reckless indifference to human life. He argues his counsel was ineffective for conceding defendant was a major participant in the underlying crime. The People agree defendant made a prima facie showing of eligibility for relief. They further concede "[a]n examination of the record and briefing by counsel did not indisputably show as a matter of law that [defendant] was ineligible for relief"; "[r]ather such a decision would depend on weighing the evidence adduced."

Accordingly, "the instant matter should be remanded for proceedings consistent with section 1170.95, subdivisions (c) and (d)." We agree with the parties that defendant is entitled to a remand for the court to issue an order to show cause and hold an evidentiary hearing at which the prosecution will bear the burden of proving, beyond a reasonable doubt, that defendant is ineligible for resentencing. (§ 1170.95, subd. (d)(3).)

Here, it is undisputed by the parties that defendant's petition established a prima facie showing he is entitled to relief. (§ 1170.95, subd. (c).) As required, his petition alleged a complaint, information, or indictment was filed against him allowing the prosecution to proceed under a theory of felony-murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder following a trial; and he could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019. (§ 1170.95, subd. (a).) And the parties do not argue, nor does the record before us conclusively establish, defendant was categorically ineligible for relief as a matter of law. (See *People v. Lewis* (July 26, 2021, S260598) __ Cal.5th __, __ [2021 Cal. Lexis 5258 at p. *30] [holding trial court "may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief" but should not engage in factfinding or make credibility determinations before an order to show cause issues]; accord, *People v. Drayton* (2020) 47 Cal.App.5th 965, 980–981 ["[W]hen assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law … if the record 'contain[s] facts refuting the allegations made in the petition … the court is justified in making a credibility determination adverse to the petitioner'"]; *People v. Duchine* (2021) 60 Cal.App.5th 798, 815 ["prima facie showing the [petitioner] must make is that he [or she] did not, in fact, act [as required] or harbor the mental state required, for a murder conviction under current law" and "the time for

weighing and balancing and making findings on the ultimate issues arises at the evidentiary hearing stage rather than at the prima facie stage, at least where the record is not dispositive on the factual issues. Thus, absent a record of conviction that conclusively establishes that the petitioner engaged in the requisite acts and had the requisite intent, the trial court should not question [the petitioner's] evidence"]; but see *People v. Garcia* (2020) 57 Cal.App.5th 100, 114 [trial court should determine whether substantial evidence supports the conclusion the petitioner *could* still be convicted of murder following the amendments to §§ 188 and 189 in determining if petitioner made prima facie showing of eligibility for relief], review granted Feb. 10, 2021, S265692.) Rather, the record reflects defendant was charged under a felony-murder theory. And it does not establish as a matter of law that defendant was the actual killer, a direct aider and abettor who acted with the intent to kill, or a major participant who acted with reckless indifference to human life.

Indeed, even if we were to accept as true defense counsel's concession defendant was a major participant in the crime, the court also had to conclude defendant acted with reckless indifference to human life to render him categorically ineligible for relief. (§ 189, subd. (e)(3).) The record does not reflect the court made this requisite determination or that such a conclusion is supported by the record as a matter of law. Rather, in his petition, defendant denied he acted with reckless indifference to human life, and the record of conviction does not conclusively establish otherwise. To conclude otherwise, the court necessarily would have had to weigh facts and draw inferences from the record, which was inappropriate at that stage of the proceedings. (See *People v. Duchine*, *supra*, 60 Cal.App.5th at p. 816 ["major participant and reckless indifference findings the trial court made based solely on the record evidence entail the weighing of evidence, drawing of inferences, and assessment of credibility that should be left to the factfinding hearing process contemplated by section 1170.95, subdivision (d)"]; *People v. Drayton*, *supra*, 47 Cal.App.5th at p. 982 [test governing inquiry whether defendant was

a major participant in a felony who acted with reckless indifference "necessarily requires the weighing of facts and drawing inferences," which trial court should not engage in without first issuing order to show cause and holding evidentiary hearing].)

Thus, our review of the record comports with the parties' representations; that is, defendant established a prima facie showing he is entitled to relief and the record did not rebut defendant's allegations as a matter of law. Accordingly, the court was required to issue an order to show cause and hold a hearing during which the prosecution bears the burden of proving, beyond a reasonable doubt, that defendant is ineligible for resentencing.[1]

We reverse the court's order denying the petition and remand for further proceedings.[2]

## DISPOSITION

The court's order denying the petition for resentencing is reversed. The trial court is directed to issue an order to show cause and to hold a hearing during which the prosecution bears the burden of proving beyond a reasonable doubt that defendant is ineligible for resentencing.

---

[1]Pursuant to Evidence Code section 452, defendant filed a motion requesting we take judicial notice of the contents of the "Migrated Images" file for defendant's case number, which appears on the Stanislaus Superior Court Web site. The People did not file a response to defendant's motion. However, because the cited documents are not necessary to our disposition, we deny defendant's request for judicial notice as moot.

[2]Because we remand on other grounds, our disposition of the case renders defendant's remaining contentions, including his ineffective assistance of counsel claim, moot.